**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kevin Jerome Gilliard, Appellant.

Appellate Case No. 2009-147948

———————————————

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

———————————————

Unpublished Opinion No. 2012-UP-351
Heard March 14, 2012 – Filed June 13, 2012

———————————————

**AFFIRMED**

———————————————

Tristan M. Shaffer, of Dessausure Law Firm, of Columbia, for Appellant.

Attorney General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney Deborah R.J. Shupe, all of Columbia; and Solicitor Christina T. Adams, of Anderson, for Respondent.

**PER CURIAM:** Kevin Gilliard (Gilliard) appeals his conviction for trafficking crack cocaine, arguing the circuit court erred in refusing to provide a jury instruction on spoliation of evidence based on the State's failure to produce a videotaped recording of the booking area at the detention center. We affirm pursuant to Rule 220(b)(1), SCACR.

We find the circuit court properly refused Gilliard's request for a jury instruction because there was no evidence the State acted in bad faith, and Gilliard failed to show the exculpatory value of the destroyed videotape. Moreover, Gilliard's counsel specifically stated he did not think the videotape was destroyed in bad faith. *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) (holding that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process); *see also State v. Cheeseboro*, 346 S.C. 526, 538-539, 552 S.E.2d 300, 307 (2001) ("The State does not have an absolute duty to preserve potentially useful evidence that might exonerate a defendant. To establish a due process violation, a defendant must demonstrate (1) that the State destroyed the evidence in bad faith, or (2) the evidence possessed an exculpatory value apparent before the evidence was destroyed and the defendant cannot obtain other evidence of comparable value by other means.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**